This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39600**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**LARRY DEWAYNE DAUGHERTY,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Mark A. Macaron, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Harrison, Hart & Davis, LLC
Nicholas T. Hart
Ramón A. Soto
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Defendant appeals the revocation of his probation based upon his having been in possession of a deadly weapon and using it to commit aggravated assault. [MIO 1; RP 208] This Court issued a notice of proposed disposition addressing the ten issues raised in Defendant's docketing statement and proposing to affirm the order revoking Defendant's probation. Defendant has filed a memorandum in opposition to summary affirmance and a motion to amend his docketing statement in order to add five new interrelated issues on appeal. [MIO 23-24] Having duly considered that memorandum and motion, we remain unpersuaded and affirm.

**{2}** Defendant's memorandum acknowledges that Rule 5-805 NMRA did not require dismissal of the State's revocation motion, and we understand that issue to be abandoned on appeal. [MIO 7] Defendant continues to assert, however, that he did not forfeit his right to confront a witness at the revocation hearing by causing that witness's unavailability. [MIO 7-16] Similarly, Defendant seeks to amend his docketing statement to assert two related Confrontation Clause arguments based upon the State's failure to list that witness and an inference drawn by the district court based upon Defendant's failure to subpoena that same witness. [MIO 24] Although it still appears the evidence would have supported findings that Defendant's conduct caused an otherwise available witness to become unavailable by way of her unwillingness to cooperate with the State, we need not address that question because the confrontation right at issue attaches only in the context of testimonial statements offered to prove the truth of the matter asserted. *See State v. Navarette*, 2013-NMSC-003, ¶ 7, 294 P.3d 435.

**{3}** As more fully discussed below, we are unpersuaded that out-of-court statements in a jailhouse recording were used to prove the truth of the matter asserted therein. Further, Defendant does not assert that the recording involved any testimonial statements, as necessary to trigger confrontation rights. *See id.* ¶ 8 (explaining that testimonial statements are those made "intend[ing] to establish some fact with the understanding that [the] statement may be used in a criminal prosecution"). Accordingly, we are unpersuaded that Defendant's right to confront any witness was violated at his revocation hearing. Similarly, because confrontation rights appear not to have been at issue with regard to the out-of-court statements under consideration, we deny Defendant's motion to amend his docketing statement with regard to the fourth and fifth new issues he seeks to assert, as those issues depend upon such rights and thus appear to be non-viable. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91 (discussing the requirement that issues sought to be presented must be viable), *superceded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

**{4}** Turning to whether the jailhouse recording contained inadmissible hearsay, our notice of proposed disposition pointed out that Defendant is not asserting "that his own statements on the recordings were inadmissible" and that the revocation order "explicitly relies solely upon those statements to establish that he violated his probation." [CN 8] Thus, the substantive evidence that Defendant violated his probation consisted of his own recorded statements,

> which included statements such as "[y]ou are saying way too much," and "I am sorry, I apologize so much," and "[y]ou cannot go to court . . . [n]obody gets off of these charges," and "[a]ll I need you to do is call and drop the charges."

[Id.; RP 205-06]

**{5}** Although the other voice on the recording repeatedly accused Defendant of having threatened her with a knife, the district court did not rely upon those statements

as proof that Defendant threatened her with a knife. [RP 208] Instead, the district court relied on those statements solely "to provide context related to . . . Defendant's own statements, conduct and demeanor." [RP 205] Thus, as Defendant is aware, the evidence before the district court consisted of "apologies from [Defendant]." [MIO 14] Defendant, nonetheless, complains that "the district court's findings and conclusions heavily quote" the other voice on the recording. [Id.] Defendant does not, however, assert that such statements, along with Defendant's conduct and demeanor, could not be used to provide context for his own repeated apologies. Regardless of whether any of those statements were true or false, they established what it was Defendant was apologizing for: threatening his girlfriend with a knife. Because the relevance of Defendant's apologies did not depend in any way upon the truth of the statements he was responding to, the State was able to offer those statements for a nonhearsay purpose. *See* Rule 11-801(C) NMRA (defining hearsay). Because the State offered those statements for a nonhearsay purpose and the district court did not rely upon those statements for the truth of the matter asserted, we conclude that the district court did not receive inadmissible hearsay at Defendant's revocation hearing.

{6}     Defendant also continues to assert error involving various factual discrepancies, now clarifying that these matters are raised as a challenge to the sufficiency of the evidence supporting revocation. [MIO 19] We understand Defendant to be asserting that the evidence failed to establish a probation violation because there was no direct evidence that his girlfriend "believed that she was about to be in danger of receiving an immediate battery," and also because of a discrepancy between the knife recovered at the scene and a description of the knife given to law enforcement. [MIO 19-21] Defendant also asserts these issues as the second and third issues raised by way of his motion to amend his docketing statement. [MIO 23-24] For purposes of this opinion, we accept all of these issues as properly before us on the presumption that they were raised, even if somewhat inartfully, in Defendant's pro se docketing statement.

{7}     With regard to the evidence necessary to revoke probation, probation violations "need not be established beyond a reasonable doubt," and instead need only be shown, "with a reasonable certainty, such that a reasonable and impartial mind would believe that the defendant violated the terms of probation." *State v. Green*, 2015-NMCA-007, ¶ 22, 341 P.3d 10. During revocation proceedings, the State is responsible for meeting that burden of proof, and this Court reviews the district court's decision for an abuse of discretion. *Id.* Where multiple violations are alleged, this Court may affirm a revocation where there is sufficient evidence to support one violation. *State v. Leon*, 2013-NMCA-011, ¶ 37, 292 P.3d 493.

{8}     With regard to whether Defendant's actions placed his girlfriend in fear of receiving an immediate battery, we note that the district court's findings recite that the jailhouse recording included Defendant's response to being asked if he remembered what he did. [RP 206] Defendant's response to that question was, "It is not a matter of me remembering. It's . . . Yes, and I am sorry. All the way around I am sorry. For the embarrassment, *to the fear*, and [for] . . . letting you down. For everything." [Id. (emphasis added)] We cannot say that it was an abuse of discretion for the district court

to rely upon that evidence to conclude that Defendant's actions placed his victim in fear of a battery.

**{9}** With regard to the knife Defendant is accused of brandishing and discrepancies regarding the color of its sheath, we note that the resolution of such discrepancies is generally the role of the finder of fact. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses). Similarly, to the extent that Defendant is asserting the discrepancy regarding the color of the knife's sheath implicates the credibility of the underlying allegations [MIO 15], we note that this Court must defer to the district court's determinations regarding credibility. *Id.*; *State v. Roybal*, 1992-NMCA-114, ¶ 9, 115 N.M. 27, 846 P.2d 333 (noting that it is for the fact-finder "to determine where the weight and credibility lay"); *see also State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 ("An appellate court does not evaluate the evidence to determine whether some hypothesis could be designed which is consistent with a finding of innocence."). Ultimately, we conclude that discrepancies involving the knife provide this Court with no basis upon which to find an abuse of discretion.

**{10}** The final issue raised in Defendant's docketing statement asserted that the district court erred by not allowing Defendant to recall a witness. [DS 9] Our calendar notice proposed that this issue was insufficiently developed for appellate review. [CN 11] Although Defendant's memorandum continues to assert that the district court abused its discretion by denying a request to recall a witness, it remains unclear what basis Defendant had for recalling the witness, what basis the district court had for denying that request, or how any abuse of discretion may have occurred. Accordingly, this issue remains undeveloped and provides no basis for reversal. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 (stating that it is improper for this Court to develop arguments for the parties).

**{11}** Finally, Defendant's memorandum also seeks to amend his docketing statement in order to assert evidentiary error with regard to a lack of authentication of the jailhouse recording. [MIO 23] Defendant does not, however, assert that he objected to the admission of that recording on the basis of authentication or that he otherwise raised any question regarding the identity of the persons recorded. This Court generally does not "consider issues on appeal that are not preserved below." *Leon*, 2013-NMCA-011, ¶ 33. More directly on point, issues raised by way of an amendment to a docketing statement must be either "properly preserved below or . . . allowed to be raised for the first time on appeal." *Moore*, 1989-NMCA-073, ¶ 42. In order to preserve an issue for this Court's review, "it must appear that a ruling by the district court was fairly invoked." *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 19, 121 N.M. 562, 915 P.2d 318.

**{12}** Although Defendant asserts, generally, that he objected to the admission of the recording at issue, he does not assert that any objection was made regarding a lack of authentication or that he otherwise raised any question regarding whether he was the inmate recorded on the telephone call. [MIO 23] *See Murken v. Deutsche Morgan Grenfell, Inc.*, 2006-NMCA-080, ¶ 17, 140 N.M. 68, 139 P.3d 864 (discussing "doubts

that an authenticity objection was actually made"). Where, as here, "there is a doubtful or deficient record, every presumption must be indulged by the reviewing court in favor of the correctness and regularity of the lower court's judgment." *Ernesto M., Jr.*, 1996-NMCA-039, ¶ 19. Under the circumstances presented, we are not persuaded that any issue regarding the authenticity of the recording was raised below and on that basis deny Defendant's motion to amend his docketing statement to raise this issue on appeal.

**{13}** Accordingly, for the reasons stated here and in our notice of proposed summary disposition, we affirm the order revoking Defendant's probation.

**{14}   IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JANE B. YOHALEM, Judge**